IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-255-FL

| | | |
|---|---|---|
| HONG LIU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| EATON CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the motion [DE-34] by Defendant Eaton Corporation

("Defendant") to compel responses to written discovery requests and requests for production of

documents from pro se Plaintiff Hong Liu ("Plaintiff"). In support of its motion, Defendant filed

a memorandum [DE-35] and exhibits [DE-34-1 to -10; DE-35-1 to -10]. Plaintiff filed a response

[DE-36] to Defendant's motion. The court held a hearing on the motion on December 28, 2021.

For the reasons set forth below, Defendant's motion to compel [DE-34] is ALLOWED in part, and

DENIED in part.

## I.       BACKGROUND

On June 12, 2020, Plaintiff, proceeding pro se, filed his complaint in this action asserting

claims against Defendant, his former employer, for retaliation and discrimination based upon age,

race, and national origin, under Title VII, 42 U.S.C. §§ 2000e et seq., and the Age Discrimination

in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq. Plaintiff seeks back pay and benefits;

reinstatement; and compensatory and punitive damages. On May 3, 2021, following a partial

motion to dismiss for failure to state a claim by Defendant, United States District Judge Louise W.

Flanagan dismissed Plaintiff's claims for discrimination. *See* Order [DE-26]. The only claim

currently pending in this matter is Plaintiff's claim based on retaliation.

Pursuant to Federal Rule of Civil Procedure 26(f), the parties conducted a pretrial conference by telephone on May 18, 2021 and submitted a joint Rule 26(f) report [DE-28] to the court on May 26, 2021. United States District Judge Flanagan issued a Case Management Order [DE-29] on June 8, 2021, setting forth critical deadlines and information pertaining to discovery.

On June 21, 2021, Defendant served its first set of interrogatories and requests for production of documents on Plaintiff, along with various authorization forms that Defendant requested Plaintiff sign. [DE-34-1]. Defendant's requests state that pursuant to Federal Rules of Civil Procedure 26, 33, and 34, Plaintiff should respond to Defendant's discovery requests within thirty days from the date of service of such requests. [DE-34-1] at 3. After Plaintiff failed to timely respond to Defendant's requests, on July 30, 2021, Defendant sent a follow-up correspondence to Plaintiff concerning Defendant's initial discovery requests. [DE-34-2]. On August 10, 2021, Plaintiff then responded by email to Defendant's requests. [DE-34-3]. In his response, Plaintiff provides a "General Objection," stating that he "objects to providing any information not related to the bad treatment that [Defendant] applied on [Plaintiff]." *Id.* at 2. Plaintiff also provides two enumerated "Initial Disclosures," stating: (1) "Plaintiff identifies any person in [Defendant's] Teams which the plaintiff worked with or related to [Plaintiff's] job may have discovery information; and (2) "Damages on Plaintiff via [Defendant's] bad treatment on [Plaintiff] . . . ." *Id.* at 2-3. In his email to Defendant, Plaintiff also states that he believes any requests for his "personal information" are "out of the scope of [Plaintiff] badly treated via [Defendant]." *Id.* at 1. No further response to Defendant's discovery requests is provided by Plaintiff in his email.

From August 16, 2021 until November 2, 2021, Plaintiff and Defendant exchanged several

additional emails relating to Defendant's discovery requests. *See* [DE-34-4 to -6, -8, -10]. On October 15, 2021, Defendant also sent Plaintiff a letter informing Plaintiff that his "Initial Disclosures remain insufficient and incomplete[,]" and "despite trading a few emails in August about [Defendant's] discovery request for tax information, [Defendant] still [had] not received any Discovery Responses from [Plaintiff] . . . ." [DE-34-7] at 1-2. Defendant requested that Plaintiff provide full discovery responses by a set deadline or Defendant would file a motion to compel Plaintiff's responses. In response to both the emails and the letter from Defendant, Plaintiff's answers to Defendant's discovery requests remained largely the same, aside from providing some information relating to Plaintiff's income. [DE-34-4 to -6, -8, -10]. Because of Plaintiff's purportedly deficient answers to Defendant's discovery requests, Defendant filed the instant Motion to Compel.

## II.      DISCUSSION

### A.      Applicable Legal Standards

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery upon each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. Sept. 27, 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance

has been "broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp. Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex.)); *see also Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc., v. Sanders*, 437 U.S. 340, 351 (1978)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

Rule 37 allows for the filing of a motion to compel where a party fails to respond to written discovery requests. Fed. R. Civ. P. 37(a)(3)(B).

### B.    Defendant's Motion

In its motion, Defendant contends that Plaintiff has failed to respond to several interrogatory and document requests. Defendant seeks an order compelling production of the information and documents. In his response, Plaintiff contends that he "replied to defendant's request promptly and fully." Pl.'s Resp. [DE-36] at 3. Specifically, Plaintiff maintains that he has timely responded to Defendant's interrogatory and document requests on three occasions: August 16, 2021; August 18, 2021; and November 2, 2021.[1] *Id.* at 1.

In its discovery requests, Defendant serves Plaintiff a total of nineteen interrogatories and

---

[1] At the December 28, 2021 hearing regarding Defendant's Motion to Compel, Plaintiff confirmed that these were the only communications between he and Defendant relating to Defendant's discovery requests. Plaintiff further confirmed that such communications are attached to Defendant's Motion to Compel as Exhibits B through J. *See* [DE-34-2 to -10].

4

twenty-two requests for production.  Def.'s Mot. [DE-34-1] at 9-19.  Plaintiff's entire purported

answer to Defendant's discovery requests appears as follows:

> [Plaintiff] objects to any defendant's discovery request which related to [Plaintiff's]
> family's information, such as tax reports, since [Plaintiff] filed tax together with his
> wife.
>
> Only [Plaintiff's] income is available:
>
> "For income difference, my salary in Eaton was about [amount redacted by court]
> a year.
>
> For my 1099G from unemployment security:
>     2019: [amount redacted by court]
>     2020: [amount redacted by court]
> And I object to all your other request for the information and documentary which
> related my wife and my family, that's out of the scope of this case and invaded my
> wife's privacy"
>
> And [Plaintiff] said several times, [Plaintiff] can provide 1099 copies, for W2,
> defendant has all [Plaintiff's] W2s in past 7 years.

Pl.'s Resp. [DE-36] at 1-2 (redactions made by the court as noted).

Although Plaintiff does appear to make a general objection against providing any of his

family's personal information,[2] Plaintiff fails to provide answers to several discovery topics not

related to such information.  For example, Defendant requests discovery about Plaintiff's

background information, Plaintiff's prior litigation history, information and documents that may

support Plaintiff's allegations of retaliation, and the identity of any potential witnesses.  Pl.'s Mem.

in Supp. [DE-35] at 5.  Plaintiff fails to provide any response to these and several other discovery

topics.  Further, while Plaintiff does provide some financial information to Defendant, it does not

appear that the information provided is fully responsive to any of Defendant's interrogatory or

document requests.  Therefore, the court finds that Plaintiff has failed to comply with his discovery

---

[2] As noted above, all responses and objections by Plaintiff to Defendant's discovery requests were made
more than thirty days after the requests were served upon Plaintiff, and thus, untimely.

5

obligations as Defendant contends.

Furthermore, the court has reviewed Defendant's discovery requests and finds them to be within the permissible scope of discovery.[3] The court therefore ALLOWS Defendant's motion compelling Plaintiff to respond to Defendant's discovery requests. **Subject to valid claims of privilege, as discussed below, Plaintiff shall serve on Defendant by January 28, 2022, complete responses to Defendant's interrogatories and requests for production of documents.**

Because Plaintiff did not respond to Defendant's discovery requests in a timely manner, any objections he may have to their relevance or scope are waived. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Thompson v. Navistar, Inc.*, No. 5:10-CV-127-FL, 2011 WL 2198848, at *2 (E.D.N.C. June 6, 2011) (citing *Drexel Heritage Furnishings, Inc. v. Furniture, USA, Inc.*, 200 F.R.D. 255, 258 (M.D.N.C. 2001)). Despite Plaintiff's lack of a timely objection, the court will permit Plaintiff to claim privilege (including work product protection) in his responses to the interrogatories and document production requests. **However, in order to validly claim a privilege, Plaintiff must expressly assert it in response to the particular discovery request involved and serve with his discovery responses a privilege log in conformance with Rule 26(b)(5)(A) that is duly signed by Plaintiff's (or his counsel, if he has one at that time) pursuant to Rule 26(g). Failure to timely serve a duly signed privilege log meeting the**

---

[3] Federal Rule of Civil Procedure 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

6

**requirements of Rule 26(b)(5)(A) shall be deemed a waiver of the privilege otherwise claimed.**

### C. Expenses

Defendant asks that the court require Plaintiff to pay the reasonable expenses, including attorney's fees, incurred in filing its motion to compel. [DE-35] at 1. Rule 37(a)(5)(A) provides that the moving party be awarded expenses when a motion to compel discovery is granted, absent certain specified circumstances. The rule states in relevant part:

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). Courts have held that an award of reasonable expenses incurred is appropriate where the moving party has acted in good faith, attempted to resolve the matter without court intervention, and the non-moving party has failed to comply with its obligations under the Federal Rules of Civil Procedure. *See, e.g.*, *Gardner v. AMF Bowling Ctrs., Inc.*, 271 F. Supp. 2d 732, 733-34 (D. Md. 2003) (holding defendant entitled to discovery sanction and attorney's fees where plaintiff failed to respond to discovery requests by due date, defendant advised plaintiff's counsel in writing that responses were past due, and plaintiff did not respond to defendant's letters or to motion for sanctions).

In this case, Defendant's counsel wrote to Plaintiff on two occasions warning that, absent complete responses, Defendant would file a motion to compel and seek available fees and costs associated with its motion by a specified deadline. *See* [DE-34-2; -7]. Plaintiff responded to each correspondence by Defendant, albeit untimely and not fully responsive to Defendant's discovery requests. *See* [DE-34-3; -8]. Plaintiff then timely filed a response to Defendant's motion to compel

[DE-36] and appeared in person at the hearing on the motion to compel. Based on the circumstances, the court finds that an award of expenses would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). The court therefore declines to make such an award, and each party shall bear its own expenses incurred on the motion.

Defendant's request for attorney's fees and other expenses is therefore DENIED.

## III. CONCLUSION

For the reasons and on the terms set forth above, Defendant's motion to compel [DE-34] is ALLOWED. However, Defendant's request for an award of expenses is DENIED. **Failure by Plaintiff to fully comply with this order by the deadlines specified herein shall subject him to the imposition of sanctions, which may include dismissal of all of his claims with prejudice. *See* Fed. R. Civ. P. 37(b)(2).**

So ORDERED this the 12th day of January, 2022.

_____
BRIAN S. MEYERS
United States Magistrate Judge

8